```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
COLUMBUS ALE HOUSE, INC.                                    :
doing business as "The Graham,"                             :    MEMORANDUM DECISION
                                                            :    AND ORDER
                                                            :
             - against -                                    :    20-cv-4291 (BMC)
                                                            :
                                                            :
ANDREW M. CUOMO,                                            :
in his official capacity as Governor of the State           :
of New York                                                 :
                                                            :
                        Defendant.
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Plaintiff sought a preliminary injunction enjoining defendant, the Governor of the State of New York, from enforcing a rule prohibiting service after midnight in New York City food service establishments, claiming in relevant part that the rule violates its substantive due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. On October 6, 2020, I denied plaintiff's motion for a preliminary injunction on the record, followed by a written opinion. Plaintiff filed its notice of appeal of that decision on October 13, 2020. Before me is plaintiff's motion for a preliminary injunction, seeking the same relief, pending resolution of its appeal of that decision.

I assume the parties' familiarity with the underlying facts, described in Columbus Ale House, Inc. v. Cuomo, No. 20-CV-4291, 2020 WL 6118822 (E.D.N.Y. Oct. 16, 2020), and briefly summarized here. The novel coronavirus, SARS-CoV-2, and its associated disease, COVID-19, are potentially lethal and have no known cure, no particularly effective treatment, and no vaccine. The virus spreads through contact, respiratory droplets, and aerosols, and so the Centers for Disease Control and Prevention recommends mask wearing and social distancing by

keeping six feet away from other people and limiting contact with others outside your household, whether indoors or outdoors.

New York State has implemented extensive restrictions on business and social activities in response to the COVID-19 pandemic.  The state's restrictions on indoor dining in New York City mandate, among other things, no service after midnight (the "midnight close rule").  Plaintiff is a food service establishment operating in Brooklyn, New York, that generates a substantial percentage of its revenue from sales after midnight.

A party seeking an "order suspending, modifying, restoring, or granting an injunction while an appeal is pending" "must ordinarily move first in the district court" for the relief.  FED. R. APP. P. 8(a)(1).[1]  "Under Rule 62 of the Federal Rules of Civil Procedure, '[w]hile an appeal is pending from an interlocutory order. . . [that] denies an injunction, the court may suspend, modify, restore, or grant an injunction.'"  Dexter 345 Inc. v. Cuomo, No. 11 CIV. 1319, 2011 WL 1795824, at *3 (S.D.N.Y. May 3, 2011), aff'd, 663 F.3d 59 (2d Cir. 2011) (quoting FED. R. CIV. P. 62(c)).  The standard for granting a stay or injunction pending appeal is "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected."  LaRouche v. Kezer, 20 F.3d 68, 72 (2d Cir. 1994).

Here, plaintiff is not entitled to an injunction pending appeal because it has not demonstrated a substantial possibility of success on appeal.  The Court of Appeals "reviews a

---

[1] The word "ordinarily" suggests that there are some circumstances in which moving first before the district court should not be required.  I think that this is such a case.  When a district court has denied a motion for a preliminary injunction that would change the status quo pending a decision on the merits, it is highly unlikely that it will then grant that same injunction pending appeal of the denial.  Nevertheless, the Circuit having ordered plaintiff to seek relief in the district court first, plaintiff has complied with that direction.

district court's decision to deny a preliminary injunction for abuse of discretion." Libertarian Party of Conn. v. Lamont, 977 F.3d 173 (2d Cir. 2020). "A district court abuses its discretion when it rests its decision on a clearly erroneous finding of fact or makes an error of law." Id. (quoting Almontaser v. N.Y.C. Dep't of Educ., 519 F.3d 505, 508 (2d Cir. 2008)). On appeal, plaintiff argues that I erroneously found that it was unlikely to succeed on the merits by misapplying Jacobson v. Commonwealth of Massachusetts, 197 U.S. 11 (1905).

Under Jacobson, the state may curtail constitutional rights in response to a society-threatening epidemic so long as the measures have at least some "real or substantial relation" to the public health crisis and are not "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." Jacobson, 197 U.S. at 38. "Courts may ask whether the state's emergency measures lack basic exceptions for 'extreme cases,' and whether the measures are pretextual – that is, arbitrary or oppressive. At the same time, however, courts may not second-guess the wisdom or efficacy of the measures." In re Rutledge, 956 F.3d 1018, 1028 (8th Cir. 2020) (quoting In re Abbott, 954 F.3d 772, 784-85 (5th Cir. 2020) (quoting Jacobson, 197 U.S. at 38)). As Chief Justice Roberts recently cautioned, "[t]he precise question of when restrictions on particular social activities should be lifted during the pandemic is a dynamic and fact-intensive matter subject to reasonable disagreement." S. Bay United Pentecostal Church v. Newsom, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J., concurring) (denying application for injunctive relief enjoining enforcement of the Governor of California's executive order limiting attendance at places of worship). When elected officials "'undertake[] to act in areas fraught with medical and scientific uncertainties,' their latitude 'must be especially broad.'" Id. (quoting Marshall v. United States, 414 U.S. 417, 427 (1974)).

3

Here, I found that plaintiff likely cannot establish that the midnight close rule does not have a real and substantial relation to the COVID-19 pandemic. Indoor dining poses a greater risk of virus transmission than many other activities because the virus spreads more easily indoors and when people gather together, and the precautions of social distancing and mask wearing are impacted by indoor dining. The Governor believes that restricting late-night service will help mitigate the risks by reducing the likelihood that patrons will mingle indoors without masks for an extended period of time, and further believes that this is necessary in New York City because of its high population density and experience with the virus earlier this year. Although plaintiff may question its wisdom and efficacy, I found that the midnight close rule's restriction on late night indoor dining likely has a real and substantial relation to the public health crisis and that the Governor's judgment is entitled to deference.

I further found that plaintiff likely cannot establish that the midnight close rule invades its fundamental rights because "the right to conduct a business, or to pursue a calling, may be conditioned." New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 439 U.S. 96, 107 (1978). The right to conduct business does not entitle plaintiff to operate its business free from governmental regulation. Instead, "[t]his type of due process claim requires a showing that the plaintiff has been prevented from exercising his right" completely. Schultz v. Inc. Vill. of Bellport, 479 F. App'x 358, 360 (2d Cir. 2012) (citing Conn v. Gabbert, 526 U.S. 286, 291-92 (1999) (recognizing that cases in this area "all deal with a complete prohibition of the right")). I found that plaintiff cannot show that it has been prevented from operating its business completely because the midnight close rule does not prohibit plaintiff's operations, it just restricts them.

4

I believe that I correctly applied the Jacobson test, did not rely on any clearly erroneous finding of fact, and thus did not abuse my discretion in so ruling. I therefore find that plaintiff does not have a substantial possibility of success on its appeal of my denial of the requested preliminary injunction.

Further, I find that the public interest does not weigh in favor of an injunction pending appeal. Tens of thousands of people have died from this virus in New York City alone. The state's elected officials must be allowed to exercise their judgment to protect the public health as restrictions on activities are slowly lifted.

Finally, although plaintiff's loss of business likely constitutes an irreparable harm, the Governor would also suffer an irreparable injury if I granted the requested injunction pending appeal. Enjoining the actions of state elected officials in matters that affect public safety constitutes an irreparable harm. See Maryland v. King, 567 U.S. 1301, 1301 (2012). While "[p]laintiff[] bear[s] the very real risk of losing [its] business[], the Governor's interest in combatting COVID-19 is at least equally significant." League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer, 814 F. App'x 125, 129 (6th Cir. 2020).

Accordingly, I deny plaintiff's motion for an injunction pending resolution of its appeal of my order denying its request for a preliminary injunction.

                                                                                       U.S.D.J.

Dated: Brooklyn, New York
       November 5, 2020